IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS W. POARCH | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:14-cv-0069<br>) JUDGE HAYNES |
| JACOB C. FRITZ and OAKLEY<br>TRUCKING, INC., | )<br>)<br>) |
| Defendants. | ) |

PROPOSED CASE MANAGEMENT ORDER NO. 1

I. Jurisdiction and Venue

This is an action based upon common law negligence, *negligence per se* arising under Tenn. Code Ann. §§ 55-8-142, 55-8-205, 55-8-136, 65-2-102, 65-15-113, and negligent entrustment. The parties agree that this Court has subject matter jurisdiction over this action based on the parties' diversity and that venue is proper pursuant to 28 U.S.C. §§ 1332 and 1446.

II. Parties' Theories of the Case

1. Plaintiff's Theory of the Case

Plaintiff, Lewis Poarch was traveling south on Highway 31, Pulaski Highway when the Defendant, Jacob Fritz attempted to make a left turn in front of the Plaintiff, causing the Plaintiff's vehicle to strike the Defendant's vehicle.

Plaintiff, Lewis Poarch was injured as a result of the Defendant's negligence and is in no way liable for the injuries he sustained. He was air lifted to Vanderbilt University Medical Center where he was treated for his injuries. Those injuries include a right hip injury, three broken ribs and town broken back vertebrae.

2. **Defendant's Theory of the Case**

Defendant denies Plaintiff's allegations of fault as stated in his Complaint. Defendant denies Plaintiff sustained injuries and damages to the extent alleged in the Complaint.

### III. Schedule of Pretrial Proceedings

A. <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference. The initial case management conference is scheduled for **August 18, 2014.**

B. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of the case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. <u>Other Pretrial Discovery Matters</u>

As determined at the case management conference on **Monday, August 18, 2014**, this action is set for a jury trial on _November 3_, 2015, at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, _11/13/15_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held November 2, 2015 3:00pm, at 1:30 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **Friday, May 28, 2015**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **Friday, February 27, 2015**. All discovery related statements shall be filed by the close of business on **Thursday, April 30, 2015**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **Tuesday, June 30, 2015,** and any response thereto shall be filed by the close of business on **Friday, July 31, 2015**. Any reply shall be filed by the close of business on **Friday, August 14, 2015**.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) No memorandum in support of or in opposition to any motions shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **Monday, February 2, 2015**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **Wednesday April 1, 2015**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **Monday April 20, 2015.** There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

ENTERED this the 1st day of August, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge

**APPROVED FOR ENTRY:**

/s/John Thomas Feeney
**John Thomas Feeney**
BPRN 11482
P. O. Box 198685
Nashville, Tennessee 37219
*Attorney for Defendant*


/s/Blair Durham
**Blair Durham**
BPRN 21453
404 James Robertson Parkway
1712 Parkway Towers
Nashville, Tennessee 37219
*Attorney for Plaintiff*